■ EDNA STEVENS, Respondent, v. OAKLAND J. STEVENS, Appellant.— Judgment and order affirmed, with costs. All concur. (Appeal from a judgment of Erie Equity Term for plaintiff in a partition action. The order denied a motion for a new trial.) Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Williams, JJ.

■ KARL G. VOIGT, Appellant, v. SERGEY ANDRETZ, Respondent.— Judgment affirmed, without costs of this appeal to either party. All concur. (Appeal from a judgment of Monroe Trial Term for defendant for no cause of action in an automobile negligence action.) Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Williams, JJ. [See post, p. 931.]

■ MARIA VOIGT, Appellant, v. SERGEY ANDRETZ, Respondent.— Judgment affirmed, without costs of this appeal to either party. All concur. (Appeal from a judgment of Monroe Trial Term for defendant for no cause of action in an automobile negligence action.) Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Williams, JJ. [See post, p. 931.]

■ In the Matter of the Accounting of JOSEPH S. RIPPEY, as Executor of CORNELIUS F. CROMBACH, Deceased, Respondent. LILLIAN Y. DALBERTH, Appellant.— Decree insofar as appealed from affirmed, without costs of this appeal to either party. All concur. (Appeal from part of a decree of Monroe Surrogate's Court holding that paragraph "Fourth" of the will of decedent does not constitute a change of beneficiary of life insurance policies and is not a specific legacy payable in kind.) Present — Vaughan, J. P., Kimball, Wheeler, Van Duser and Williams, JJ. [See post, p. 798.]

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THOMAS SAN FILIPPO, Appellant.— Judgment of conviction affirmed. All concur. (Appeal from a judgment of Erie County Court convicting defendant of violation of subdivision 4 of section 1897 of the Penal Law.) Present — Vaughan, J. P., Kimball, Wheeler, Van Duser and Williams, JJ.

■ BERNARD McDERMOTT, Respondent, v. ARTHUR ORBAKER et al., Appellants, et al., Defendants.— Judgment and order affirmed, with costs. All concur. (Appeal by defendants Orbaker and Hulbert from a judgment of Monroe Trial Term for plaintiff in an automobile negligence action. The order denied a motion for a new trial.) Present — Vaughan, J. P., Kimball, Wheeler, Van Duser and Williams, JJ.

■ LEONARD LUDIAN, Respondent, v. ARTHUR ORBAKER et al., Appellants, et al., Defendant.—Judgment and order affirmed, with costs. All concur. (Appeal by defendants Orbaker and Hulbert from a judgment of Monroe Trial Term in an automobile negligence action. The order denied a motion for a new trial.) Present — Vaughan, J. P., Kimball, Wheeler, Van Duser and Williams, JJ.

■ ALBERTA L. HULBERT, as Administratrix of the Estate of FRANCIS HULBERT, Deceased, Appellant, v. SHIRLEY KENNETT, as Administratrix of the Estate of DONALD W. TOWNLEY, Deceased, Respondent.— Judgment and order affirmed, with costs. All concur. (Appeal from a judgment of Monroe Trial Term for defendant for no cause of action in an automobile negligence action. The order denied a motion for a new trial.) Present — Vaughan, J. P., Kimball, Wheeler, Van Duser and Williams, JJ.

■ MARION E. GILSEY et al., as Executors of ALBERT A. GILSEY, Deceased, Appellants, v. WM. HENGERER Co., a Division of Associated Dry Goods Corporation, et al., Respondents.—Order affirmed, without costs of this appeal to any party. Memorandum: In addition to the difficulty pointed out at Special Term, the contract which is attached to and made a part of the complaint could be cancelled on "thirty days' notice of termination by either party". Therefore, the right to the bonus could be defeated at will at any time prior to the expiration